IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LARRY L. HODGE,
    Plaintiff,

against

ALABAMA POWER, ASPLUNDH, et al.,
    Defendant.

CIVIL ACTION NO. 2:05CV679-F

RECEIVED 2005 JUL 22 A 10:55
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

COMPLAINT FOR PRELIMINARY INJUNCTION; PERMANENT INJUNCTION;
INJUNCTIVE RELIEF AND DAMAGES; BREACH OF CONTRACT...

NOW COMES Plaintiff, Larry L. Hodge, and states and alleges as follows:

JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 USCS section 1331 because the matters in controversy arise under the Constitution and laws of the United States...

2. Supplemental jurisdiction also is conferred upon this Court pursuant to 28 USCS section 1367(a)...

3. Jurisdiction also is conferred upon this Court pursuant to the Constitution of the United States of America, Article IV, section2(1); and Amendant 14, section 1.

4. Jurisdiction also is conferred upon this Court pursuant to 42 USCS sections 1981, 1982,1983,1985,1986,1988...and U.S. Comp. Stat. 1901, sections 1977,1978, 1979, 5508,and 5510, pages 1259 to 1262, 3712 and 3713...

5. Venue is proper in this Court...because a substantial part of the events that gave rise to Plaintiff's claims took place within the Northern Division of the Middle District of Alabama...

## PRELIMINARY STATEMENT

6. Plaintiff has been irreparably harmed by Defendant actors and coactors ("Defendants"), in person and at small rural farm by Defendants intentional tortious conduct. Defendants acted in concert and there was a meeting of the minds, under a plan...

7. There is permanent destruction of some of Plaintiff's trees, vegetation, fruit trees, and fruit bearing vegetation...

8. No frogs, lizards, snakes, birds, insects, or bees, hang around said destroyed areas and all the aforementioned living entities hang around the unaffected areas (areas not sprayed previously...), that was not contaminated and destroyed by Defendant's negligence (Asplundh advertises as THE TREE EXPERTS)...

9. The area sprayed was 25 feet beyond the area of responsibility and less than 10 yards from Plaintiff's back door...

10. Plaintiff's livelihood has been minimized and these violations of Plaintiff's civil rights at Plaintiff's small rural farm business by Defendants unlawful actions, pursued independently under an unlawful purpose by using independently unlawful means to do unlawful acts and a lawful act in an unlawful manner and overt acts in furtherance of a concerted plan, by virtue of their positions within the undertaking(s), has injured Plaintiff in person and property...

11. Plaintiff was and is deprived of having and exercising any right or privilege of a citizen of the United States...

12. Defendants created "extra-Hazards" towards Plaintiff's person and property that may or may not, in part, be reduced (but not resolved...), through a shift in the losses, by resorting to legal remedies that hold Defendants responsible therefor...

13. Plaintiff did not indulge in the same character of conduct with respect to Plaintiff's invaded interests and these uninvited and wrongful invasions that resulted in irreparable injuries to Plaintiff's person and property were not a legal result of Plaintiff's own tortious conduct...

14. In this matter, the status quo was irreparably disturbed (the summer of 1986...), and that part cannot be restored...

15. The last peaceable uncontested status, of this request, was in 1985...Injunctive relief granted for Plaintiff will change the existing situation back to what it was in 1985 (1862...), and the status quo will be restored and no injury will inflict on Defendants...

16. In fact, Defendants will enjoy an increase in electric contract services to Plaintiff's small rural farm...Altering the current dangerous situation, in favor of Plaintiff's status quo plan will minimize continued and future irreparable injuries perpetrated by Defendants...

17. The law and facts are clearly in Plaintiff's favor...Plaintiff's factual circumstances are clear and equity requested is compelling but not extraordinary...

18. Further injury will be prevented by proper order and this order will not inconvenience Defendants in any way...Plaintiff will be temporarily inconvenienced because Plaintiff must undo, replace, eliminate, and wait for "extra-hazard" affected areas to reconnect properly in the farm way...

19. Plaintiff MOVES THE COURT for a preliminary injunction pending the final judgment in this action. The preliminary injunction will enjoin the Defendants (Alabama Power, Asplundh-formerly called inter alia, Asplundhi...), this Defendants agents, servants, employees, and attorneys, and all persons in active concert and participation with this Defendant, from: i) spraying on property that Plaintiff resides on, ii) cutting down trees and running heavy equipment through Plaintiff's property...

20. Plaintiff wants Defendant to effect hook-up of electrical services contract "point of service site" to be at location determined by Plaintiff...This will resolve, permanently, any invasion on small farm living and livelihood areas of Plaintiff...

LEAVE TO PRESENT pictures at hearing that show clearly areas within strict legal rights of Plaintiff...

LEAVE TO PRESENT MOTION TO EXCLUDE and this will narrow the issue to only the injuries and harm and recovery and damages...

21. Plaintiff requests damages...

## GROUNDS FOR RELIEF

22. It is essential that this Court issue the requested preliminary injunction to prevent immediate and irreparable injury (time to spray is upcoming and anticipated and scheduled and planned)...

23. As established by the verified complaint, unless restrained by this Court, the Defendants will perform the acts sought to be enjoined...

24. As established by the verified complaint and pictures (to be presented), if the Defendants do perform the acts sought to be enjoined, the Plaintiff will suffer immediate and irreparable harm in that the dead areas next to Plaintiff's back door will remain lifeless and nonproliferating...

25. As established by the complaint of Plaintiff, the Plaintiff has no adequate remedy at law for the injuries sought to be prevented by the requested preliminary injunction...

26. As shown by the verified complaint, Plaintiff is likely to succeed on the merits of this action...

27. As shown by the verified complaint, the issuance of a preliminary injunction will not cause undue inconvience or loss to Defendants in that Plaintiff will still have electrical service contract with Defendant only now Plaintiff will have a gate, dogs, etc.

## SUPPORT FOR COMPLAINT

28. This complaint and motions are based on all the papers and records on file in this concurrent causes of action, including the verified complaint and on whatever argument and evidence is presented at the hearing of this motion and complaint...

## ADDITIONAL ALLEGATIONS

29. Defendants ignored request by Plaintiff to not spray fruit trees...

30. Plaintiff then asked Defendant to repair area with their earth moving equipment...Defendant refused and then called someone...One

coactor left and then actor who refused Plaintiff's repair request cut telephone wires by dropping front end of earth moving machine on wire that was on top of driveway, 4 times...The telephone company first said Plaintiff would be charged for the repair and Plaintiff replied that damage was due to Defendant and Plaintiff asked for a proof of bill for repair document to present but no bill was sent to Plaintiff...

31. Defendant came back out to property, several weeks later and walked around and Plaintiff then approached Defendant and Defendant began speaking about "are you ready for service-hookup"...

32. Plaintiff responded saying when ready a work-order will be requested and this is the usual procedure, ask then respond, not seek out and ask before a request...

33. Plaintiff was and is seriously offended by the offensive acts of Defendants...

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Issue an injuction ordering Defendant to,

2. Award compensatory damages in an amount to be determined according to proof by Plaintiff against all Defendants in their individual capacities;

3. Award punitive damages in such other amount as the Court may determine is sufficient to punish them for and deter others from committing the constitutional violations alleged in this complaint;

4.  Award Plaintiff his costs, expenses, and reasonable attorneys' fees pursuant to, inter alia, 42 USCS section 1988 and other Federal and State laws; and

5.  Grant such other and further relief as the Court may deem just and proper...

DATED:  July 22, 2005

Respectfully submitted,

Larry L. Hodge
Attorney Pro Se
P.O. Box 75
Safford, Alabama   36773-0075

(334)573-9664