IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL 25 P 3:29
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

LARRY L. HODGE,
    Plaintiff

against

ALABAMA POWER, ASPLUNDH, et al.,
    Defendant.

CIVIL ACTION NO. 2 05CV679-F

PLAINTIFF'S LEAVE TO FILE THEORY OF THE CASE BRIEF AND BRIEF

Plaintiff respectfully requests leave to file first brief in support of Plaintiff's theory of the case...

NOW COMES Plaintiff and moves as follows:

1. Seriously interfere with the competition and abscond and then abscond again; with the objective of having the operation-plan in complete control of the provision of health care services...

2. Section 5508 of the Revised Statutes (U.S. Comp. Stat. 1901, page 3712: If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same...

3. Section 1977 (U.S. Comp. Stat. 1901, page 1259). All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, and be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains,

penalties, taxes, licenses, and exactions of every kind, and to no other.

4. Section 1978 (U.S. Comp. Stat. 1901) All citizens of the United States shall have the same right, in every state and territory, as is enjoyed by white citizens thereof, to inherit, purchase, lease, sell, hold, and convey real and personal property.

5. Section 1979 (U.S. Comp. Stat. 1901) Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6. Section 5510 (U.S. Comp. Stat. 1901, page 3713). Every person who, under color of any law, statute, ordinance, regulation, or custom, subjects, or causes to be subjected...

7. ...the distinction between an "intent" and an "attempt" to do a thing is that the former implies the purpose only, while the latter implies both the purpose and an actual effort to carry that purpose into execution, <u>Green v. State</u>, 27 S.E. 2d 567, 70 Ga App. 103.

8. "Intent" means a design; a determination to do a certain thing: a drift: a mental attitude made known by acts; an aim. <u>State ex rel. Troy v. Yelle</u>, Wash., 176 P.2d 459, 463.

9. The "intent" to commit a crime means the design or purpose to commit any wrongful act. <u>People v. Dee</u>, 142 N.E.2d 811, 813, 14 Ill. App.2d 9(

10. "Intent" denotes a state of mind which determines to do a particular act to effect a result. <u>People, on Inf. of Harden v. Fruci</u>, 67 N.Y.S.2d 512,514, 188 Misc. 384.

11. "Intent is an emotion or operation of the mind and can usually be shown only by acts, declarations, and circumstances known to the party charged with the intent. <u>State v. Kinchen</u>, Ohio App., 64 N.E. 2d 82, 83.

12. "Intent is a mental attitude which is seldom if ever susceptible of proof by direct evidence and must ordinarily be proven by circumstantial evidence, that is, by proving facts from which it may be inferred. <u>State v. Petry</u>, 36 S.E.2d 653,654 226 N.C. 78.

13. The word "intentional," when used in connection with the doing of a wrongful act, signifies not only that the party intended to do the particular act, but to do it knowing at the time that it was wrongful. <u>Ickenroth v. St. Louis Transit Co.</u>, 77 S.W. 162, 167, 102 Mo.App. 597, citing <u>Trauerman v. Lippincott</u>, 39 Mo.App.478.

14. "Intention" is a mental application of one's thoughts toward some object to be attained in a certain manner. <u>Nelson v. Nelson</u>, 51 A.2d 251,253, 139N.J.Eq. 329.

15. "Intention" is defined as a determination to act in a certain way or to do a certain thing. <u>State ex rel. Verbon v. County of St. Louis</u>, 12 N.W.2d 193,196 216 Minn. 140.

16. "Intention" is a determinative attitude or state of mind. <u>Sentry Safety Control Corporation v. Broadway & 4th Avenue Realty Co.</u>, 124 S.W. 2d 1051, 1054, 276 Ky. 648.

17. An "intention" is the purpose a party forms in his own mind, and it can be conveyed to another by words or acts, and sometimes by the circumstances of the occasion. State Farm Mut. Auto. Ins. Co. v. Miller, 74 S.E.2d 145,148 194 Va. 589.

18. Exhaustion is not required (1) when agency action presents clear and unambiguous violation of statutory or constitutional rights, (2) when resort to administrative procedures is clearly shown to be inadequate to prevent irreparable injury, or (3) where exhaustion is futile: Valley Alliance v. Three Mile Island Nuclear Reactor (1980, CA3 Pa) 619 F2d 231, 15 Envt Rep Cas 1394, 10 ELR 20235, cert den (1981) 449 US 1096, 66 L Ed 2d 824, 101 S Ct 893, 15 Envt Rep Cas 1406.

19. State may not, through Legislature or courts, extinguish or diminish rights created by federal government. Slater v. Stoffel, 206 F. Supp. 534 (1962).

20. Under this section (6-5-300, Article 17, 1975 Code of Alabama) it is permissible in any case to aver that defendant committed an act and at trial prove that the act was committed by or through an agent, servant or employee acting within the line and scope of his employment. Sibley v. Adams, 56 Ala.App. 572, 324 So.2d 287, cert. denied, 295 Ala. 121, 324 So. 2d 291 (1975).

21. Where proof that an agent committed an intentional, wanton or negligent act while in the line and scope of his employment, liability for such act will be imputed to the principal, regardless of the actual participation of the principal in the intentional, wanton or negligent act or omission, under the doctrine of respondeat superior.

Aggregate Limestone Co. v. Robison, 276 Ala. 338, 161 So.2d 820 (1964)

22. Civil conspiracy, under Alabama law, requires combination of two or more individuals to accomplish unlawful purpose or to accomplish lawful end by unlawful means. Wallace v. City of Montgomery, 956 F. Supp. 965.

23. Civil conspiracy is kind of partnership, in which each member becomes agent of the other. Roberson v. Money Tree of Alabama, Inc. 954 F.Supp. 1519.

24. Under Alabama law, because "civil conspiracy" is agreement or understanding between two or more person to accomplish some unlawful end, or some lawful end by unlawful means, it perforce includes element of intent to injure or do wrong; mere negligence is insufficient. Allstate Indem. Co. v. Lewis, 985 F.Supp. 1341.

25. A civil conspiracy requires a combination of two or more individuals to accomplish an unlawful purpose or to accomplish a lawful end by unlawful means. Holton v. Blue Cross and BlueShield of South Carolina, 56 F.Supp.2d 1338.

26. Under Alabama law, "conspiracy" is defined as the combination of two or more persons to do (1) something that is unlawful, oppressive, or immoral, or (2) something that is not unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means, or (3) something that is unlawful, oppressive, or immoral, by lawful, oppressive, or immoral means. Shook v. St. Bede School, 74 F. Supp. 2d 1172.

   SEE EXHIBITS 10 through 16...

Respectfully submitted,
 Dated: July 25, 2005

Larry L. Hodge

page 5