IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY L. HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05CV679-F |
| | ) | |
| ALABAMA POWER, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On 22 July 2005, the plaintiff, Larry Hodge ["Hodge"], filed his fifth pro se complaint in this court.  This time, Hodge asserts claims against Alabama Power Company and Asplundh, and, relying upon 42 U.S.C. §§1981, 1982, 1983, 1985, 1986 and 1988, he contends that the defendants violated his constitutional and civil rights.[1]

For the reasons which follow, the Magistrate Judge recommends that his complaint be dismissed as frivolous.  Once again, Hodge has not stated a cause of action against the defendants; thus, the claims lack an arguable basis and are therefore due to be dismissed before service upon application of 28 U.S.C. §1915(e)(2)(B).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## I.  PROCEDURAL HISTORY

The instant case is less than 30 days old.  However, Hodge has filed civil lawsuits in this court which focus essentially upon personal claims against defendants which are insufficient bases for federal jurisdiction.

- He filed his first lawsuit on 2 April 2002 against the U.S. Department of

---

[1] Hodge also invokes this court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

Education and Clark University, alleging improprieties in the declaration of default and collection of a student loan. Finding that it lacked jurisdiction, the court dismissed all of his claims with prejudice on 1 July 2003. ***Hodge v. U.S. Department of Education, et al.,*** Civil Action No. 2:02CV382-F (Doc. # 45).

- Hodge's second lawsuit, filed on 31 May 2002, was transferred to the Southern District of Alabama, for lack of venue. *See **Hodge v. U.S. Department of Housing and Urban Development, et al.***, Civil Action No. 2:02CV624-A (Doc. # 3). In that case, he was "offended" because the owner of his apartment complex would not permit him to install a satellite aerial to facilitate his access to C-Span 2, C-Span 3 and other cable television channels.

- Hodge next filed a lawsuit on 31 September 2002, alleging breach of contract, breach of duty, civil conspiracy, and medical malpractice arising from his evaluations and treatment at state mental health facilities between August 1995 and December 1999. His complaint was dismissed under 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii) as frivolous. ***Hodge v. State of Alabama, et al.***, Civil Action No. 2:02CV1057-F (Doc # 9).

- The fourth lawsuit was filed on 25 March 2004 when Hodge sued the State of Alabama and state agencies, ***Hodge v. State of Alabama, et al.***, Civil Action No. 2:04CV293-F (Doc. # 15). Again he complained about medical treatment and the alleged unfairness of "a gag order" and a "subpoena waiver order" in an unspecified proceeding. His claims were dismissed with prejudice on 22 September 2004.

- In this, his fifth lawsuit, Hodge asserts that, by spraying and contaminating his rural property, the defendants, Alabama Power Company and Asplundh,

2

destroyed his "trees, vegetation, fruit trees, and fruit bearing vegetation". He

contends that, as a rural farmer, his "livelihood has been minimized", and that,

by "[a]ltering the current", the defendants have created a "dangerous situation"

which only a preliminary injunction will cure.

In all of the above-styled actions, Hodge was granted permission to proceed without payment

of filing fees, except in the case that was transferred to the Northern District of Alabama.

## II.    DISCUSSION

### A.    *Frivolous Claims*

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the court shall dismiss a case by a

plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is

frivolous or malicious or fails to state a claim on which relief may be granted.   At any stage

of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B)  when it appears

that  the plaintiff "has little or no chance of success."   *See Denton v. Hernandez,* 504 U.S.

25 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A district court may

conclude that a case has little or no chance of success and dismiss the complaint before

service of process when it determines from the face of the complaint that the factual

allegations are "clearly baseless," that the legal theories are "indisputably meritless," or that

plaintiff "seeks monetary relief against a defendant who is immune from such relief."

*Neitzke v. Williams*, 490 U.S. at 327; *Denton*, 504 U.S. at 32-33.

### B.    *Hodge's Instant Claims*

Because the federal court is a court of limited of jurisdiction,  *Kokkonen v. Guardian*

*Life Ins. Co.,* 511 U.S. 375, 377 (1994), it is authorized to entertain only certain actions

which the Constitution or Congress has authorized it to hear. *Id.* Accordingly, this court must examine the complaint to determine whether the court has subject matter jurisdiction "at the earliest possible stage in the proceedings." ***Univ. of South Ala. v. American Tobacco***, 168 F.3d 405, 410 (11th Cir.1999). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction, . . . ." ***Kokkonen***, 511 U.S. at 377. "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." ***Morrison v. Allstate Indem. Co.***, 228 F.3d 1255, 1261 (11th Cir.2000).

Upon examination of Hodge's complaint and exhibits, the court concludes that it lacks jurisdiction to proceed. There simply is no federal question presented in this case. Hodge attempts to state a cause of action under the U.S. Constitution pursuant to federal statutes that ordinarily permit a plaintiff to invoke this court's jurisdiction. However, there are three major defects in his complaint: (1) he has not sued a "state actor" or alleged "state action";[2] (2) he has not asserted a cause of action in discrimination;[3] and (3) he has not alleged that the

---

[2]42 U.S.C. §1983 requires state action:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[3]Hodge seeks to invoke 42 U.S.C. §1981, titled "Equal Rights Under Law", which provides as follows:

> (a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and

4

defendants conspired to deprive him of a right recognized as a fundamental right.[4]

To state a claim for relief, Section 1983 litigants have the burden of alleging two elements with some factual detail: "(1) that they suffered a deprivation of 'rights, privileges or immunities secured by the Constitution and laws' of the United States," and (2) that a person "acting under color of law" *caused* the deprivation, either by an act or omission.

---

Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

Although this section does not require state action, it is clearly designed to combat discrimination.

[4] Although he invoked 42 U.S.C. §1985, Hodge's allegations do not state a cause of action sufficient to charge the defendants with conspiring to deprive him of his civil rights. The statute provides, in pertinent parts, as follows:

.   .   .   .   .

(3) Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

*Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir.1987) (emphasis added) (citation omitted).

When a court begins to analyze a Section 1983 claim, it must first "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266 (1994).[5] Whether a constitutional violation has occurred can only be determined by applying the standards applicable to that particular constitutional provision. *See Graham v. Connor*, 490 U.S. 386, 394 (1989).

The mere fact that Hodge asserts claims against two patently private actors is a sufficient ground to dismiss his lawsuit. Alabama Power Company is the major electric utility serving the state. Asplundh, a corporation, is a vegetation management company dedicated to line clearance services to the utility industry. *About Asplundh,* http://www.asplundh.com/about.htm (last visited 7/27/05). Because neither is a state actor, their actions cannot be deemed to have been committed under color of state law. *Parratt v. Taylor*, 451 U.S. 527 (1981); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999) (To "state a claim for relief in an action brought under §1983, [the plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.

Like the state-action requirement of the Fourteenth Amendment, the under-color-of-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). *See also Focus on the Family v. Pinellas Suncoast Transit*

---

[5] Section 1983 "is not itself a source of substantive rights," rather it provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 (1979).

***Auth.***, 344 F.3d 1263, 1277 (11th Cir. 2003).[6]

Hodge also failed to allege any conspiracy to deprive him of a fundamental right. He merely lists federal statutes and states that damages are warranted to "punish them for and deter others from committing the constitutional violations alleged in this complaint". It is well-settled that mere reference to a statute does not establish federal jurisdiction if the dispute does not involve "a substantial question of federal law." ***Franchise Tax Bd. v. Constr. Laborers Vacation Trust,*** 463 U.S. 1, 28 (1983). "[T]he assertion that the claim involves such a question must be more than incantation.... [I]ts mere recital cannot confer jurisdiction...." ***Murphy v. Inexco Oil Co.,*** 611 F.2d 570, 573 (5th Cir.1980).

Pursuant to 28 U.S.C. § 1331,[7] "in order for a claim to arise 'under the Constitution, laws, or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." ***Phillips Petroleum Co. v. Texaco, Inc.***, 415 U.S. 125, 127 ( 1974), *quoting* ***Gully v. First Nat'l Bank in Meridian***, 299 U.S. 109, 112 (1936). Moreover, the federal questions must be disclosed upon the face of the complaint, unaided by the answer. ***Phillips Petroleum,*** 415 U.S. at 127-128. Hodge's cursory allegations do not present any substantial federal question and the court cannot, for the purpose of sustaining this *pro se* action, create or infer a federal statutory basis for this lawsuit.[8]

In the absence of any substantial cause of action grounded under the United States

---

[6]***See Rendell-Baker v. Kohn***, 457 U.S. 830, 838, 102 S. Ct. 2764, 2769-70, 73 L. Ed. 2d 418 (1982) ("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." (quoting ***United States v. Price***, 383 U.S. 787, 794 n.7 (1966)).

[7]§1331 confers original jurisdiction upon federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States".

[8] *See Wyke v. Polk County School Bd.,* 129 F.3d 560, 566 (11th Cir. 1997),*citing Hagans v. Lavine,* 415 U.S. 528, 537 (1974)(stating "[a]bsent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction").

Constitution or federal statutory law, jurisdiction can be premised only on complete diversity of the parties and the requisite amount in controversy. Hodge has not alleged diversity, and his complaint discloses no monetary amount in controversy or other federally cognizable form of relief. Thus, jurisdiction cannot rest on § 1332.

Nor does his invocation of the court's supplemental jurisdiction warrant further consideration. See 28 U.S.C. §1367. Because there are no "claims over which the district court has original jurisdiction", the court may exercise its discretion, pursuant to subsection 28 U.S.C. §1367(c) (3)[9] above, to decline to exercise supplemental jurisdiction over the plaintiff's state law claims. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1568 (11th Cir.1994).

The magistrate judge recommends that the court decline to continue to exercise jurisdiction over the state law claims.

Ordinarily, this court may exercise jurisdiction over all state law claims which "arise out of a common nucleus of operative fact" with a substantial federal claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724-25, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966); *Palmer*, 22 F.3d at 1563-64 (a federal court has the power under § 1367(a) to exercise pendent jurisdiction over state claims which arise from the same occurrence and involve the same or similar evidence); *Draper and Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir.1984).

Because this case presents neither a justiciable federal question nor diversity

---

[9]That subsection provides:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

(3) the district court has dismissed all claims over which it has original jurisdiction, or

jurisdiction, it is due to be dismissed. Plaintiff's *pro se* status does not alter that result. As the Court of Appeals explained in ***GJR Investments, Inc. v. County of Escambia, Fla.***, 132 F.3d 1359, 1369 (11th Cir.1998), even though a court will show some leniency to a *pro se* plaintiff, "a court [does not have] license to serve as *de facto* counsel for a party ..., or to re-write an otherwise deficient pleading in order to sustain an action . . . ." *See also **McNeil v. U.S.**,* 508 U.S. 106, 113 (1993)("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")

Because the defendants' actions were not committed by persons acting under color of state law, because Hodge alleges no discrimination, and because he failed to allege the deprivation of a fundamental right, the claims presented in this case lack an arguable basis and are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). ***Neitzke v. Williams***, 490 U.S. 319 (1989).


C.    *Hodge's Claims Generally*

As the court has explained more fully, ***infra***, Hodge has filed several non-meritorious lawsuits in this court, including at least one frivolous complaint. It is also apparent from the text of his pleadings and exhibits that Hodge has been a patient at state mental health facilities for several years and has been confined to at least one hospital for the mentally ill. It is therefore reasonable to assume that Hodge suffers from a mental illness.[10]

The time has come to manage more effectively the plaintiff's serial filings and to

---

[10]For example, in Civil Action No. 2:02CV1057-F, Hodge charged all of the defendants with a conspiracy "to accomplish the unlawful objective of medication overuse and overdose". He contended that the DMH/MR officials and employees disregarded his pleas not to be confined and treated. In that case, Hodge attached as exhibits voluminous pleadings from his unsuccessful *pro se* action in the state court alleging a similar complaint – medication overdose at DMH/MR facilities: ***Larry L. Hodge v. James Hooper, IV, M.D.***, Montgomery County Circuit Court, Case No. CV-2001-3300, Alabama Supreme Court, Case No. 1011799 (appeal dismissed for untimeliness on September 5, 2002).

9

conserve the valuable judicial resources consumed by the serial disposition of claims which lack merit. Indeed, because Hodge's claims must be carefully analyzed - notwithstanding their questionable validity - this court has already committed substantial time to resolving his cases that could have been devoted to meritorious litigation.

It is true that *pro se* litigants must be treated with special care because they "occupy a position significantly different from that of litigants represented by counsel'". *Johnson v. Pullman, Inc.*, 845 F.2d 911, 914 (11th Cir. 1988). Moreover, this court generally applies to the pleadings of *pro se* litigants "less stringent standards than formal pleadings drafted by lawyers". *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.,Ed.2d 652 (1972); *Hogan v. Midland County Commissioners Court*, 680 F.2d 1101, 1103 (5th Cir. 1982). Indeed the portals of this court are famously open to Hodge and to all others who have been or are being treated for mental illnesses.[11]

However, none of those reasons comprise a premise upon which to confer special treatment to Hodge or any other pro se litigant. No plaintiff is entitled to repeated consideration of claims which bear no merit and which consistently compromise this court's capacity for addressing the disputes presented to it by litigants prepared to invoke its authority properly. Hodge has manifest an "appetite for frivolous and vexatious litigation", described in *Taylor v. State of Alabama*, Civil Action No. 2:02CV1068-A.[12]

---

[11]See generally *Wyatt v. Sawyer*, et al, Civil Action No. 2:70CV3195-T.

[12]The court acknowledges that the factual case against Taylor was more egregious than the developing abuse which characterizes Hodge's filings. Moreover, Taylor failed to obey specific court orders to appear for proceedings and blatantly refused to comply with the court's directives to file pleadings. Although Hodge's previous litigation has not involved flagrant violations similar to Taylor's, the court is mindful that this plaintiff is obviously being treated for a mental illness, which could reasonably and understandably affect his judgment regarding the validity of his claims as well as his ability to understand the court's previous rulings sufficient to deter his return to this forum whenever he believes that he has been wronged. Thus the magistrate judge's recommendation should not be construed as an indication - or even a suggestion - that Hodge's condition is a bar to his prosecution of claims in this court. Rather, the recommendation is an entreaty - and hopefully a justification - for a less piecemeal and more cost-effective means of assessing the impact of his condition on his now-established inclination to file federal civil lawsuits.

Therefore, the magistrate judge will recommend that this court place upon Hodge the same limitations imposed upon the plaintiff in *Taylor* and more fully set forth on in Doc. # 45 in that case file.

## III.   CONCLUSION

Accordingly, the magistrate judge RECOMMENDS that the court take the following actions:

1.     DISMISS the claims in this case, with prejudice, as frivolous within the meaning of 28 U.S.C. §1915(e)(2)(B)(i) and (ii); and

2.     IMPOSE the limitations set forth in *Taylor v. State of Alabama*, Civil Action No. 2:02CV1068-A.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 11, 2005.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 27th day of July, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE