RECEIVED
2005 AUG 10 P 2: 12
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LARRY L. HODGE,              )
                             )
        Plaintiff,           )
                             )
against                      )
                             )    CIVIL ACTION NO. 2:05CV679-F
                             )
ALABAMA POWER, et al.,       )
                             )
                             )
        Defendant.           )

PLAINTIFF'S SUPPLEMENTAL STATEMENTS IN SUPPORT OF ALLEGATIONS

   Plaintiff moves as follows:

1. Plaintiff invokes jurisdiction pursuant to 28 USCS section 1331,n4, <u>Dry Creek Lodge, Inc. v. United States</u>, 515 F 2d 926...

2. Federal jurisdiction does exist in this matter(Plaintiff's concurrent causes of action), pursuant to 10 USCS section 1071, ...provide an improved and uniform program of medical and dental care...for certain former members of the uniformed services.

3. Plaintiff placed his Army and Navy DD214's in the hand of the nurse under James Hooper,iv, M.D. (Hooper), who is in control of the patients at the facility... ax 20, 21

4. Plaintiff is a Vietnam Veteran separated and assigned to medical hold company (Army DD214,number 11c). Pursuant to 38 USCS section 1710(B)(F) and (e)(1)(A), Plaintiff was exposed due to assignment on a special project and tear gas( In December 1970, Plaintiff was exposed to extra-concentrated tear gas through unnamed sargent at Fort Knox...Unnamed sargent made 2 pulls from only one of 2 piles...

Unnamed sargent ordered Plaintiff to breathe again, after Plaintiff was tearing just like everyone else was...Plaintiff got up to leave and was ordered to sit by hand signal...Plaintiff attempted to leave again, and was again ordered to sit by hand signal...Plaintiff, still holding his breath, finally just left after taking a quick, short breath through his nose...The massive damage to Plaintiff's lungs and to a portion of Plaintiff's brain is due to the concentrated benzene-bromide:a halogen element, and this egregious conduct of the unnamed sargent during the tear gas training exercise is why Plaintiff cannot breathe and has continuous headaches (mild) to this day after Augmentin, Bactrim, and a steroid from Plaintiff's EENT out-of-state specialist...MRI asked for but never given to Plaintiff and a CT will show some contrasts and contrast enhancements...Plaintiff's sinus problem is intermittent and mild... ex. 22,23,24

5. Plaintiff was not allowed to re-enter the VA even though Plaintiff continues as a VA outpatient... ex. 25, 26

6. Plaintiff moves for Federal question jurisdiction so Courts can declare the law and hear and determine issues of law and of fact regarding Plaintiff's concurrent causes of action, Covington Trust Co. of Covington v. Owens, 129 S.W. 2d 186, 278 Ky. 695.

7. Plaintiff moves...for the power to inquire into the facts, to apply the law, and to pronounce the judgment, Benedict v. Clarke, 123 N.Y.S. 964, 139 A.D. 242; and the power to render the particular judgment entered, Texas Employers' Ins. Ass'n v. Ellis, 543 S.W.2d 397, Civ. App.

8. This case is of the general class of 42 U.S.C. section 1983 and only this Court...<u>Bullock v. Briggs</u>, App., 623 S.W. 2d 508, error refused no reversible error, certiorari denied 102 S. Ct. 2962, 457 U.S. 1135...has the power to deal with the general subject involved in the action, <u>Pal Theartre v. Tarver</u>, 5 S.E. 2d 277, 60 Ga. App. 817, and this includes the class of cases to which this particular case belongs, <u>Lusker v. Guardianship of Lusker</u>, App. 2 Dist., 434 So. 2d 951.

First Cause of Action
Depriving Plaintiff of Federal right under 42 USC 1983

9. Plaintiff provided strict proof that he was a veteran and Plaintiff had additional papers to show he was under VA outpatient care, which could be inpatient... and Plaintiff was denied access to VA medical facility. See <u>Gray v. Internal Affairs Bureau</u>, 292 F Supp 2d 475 (2003, SD NY), Federal question jurisdiction may be properly invoked only if Plaintiff's complaint necessarily draws into question interpretation or application of Federal law... Plaintiff should have been placed in a VA facility...

10. Plaintiff was deprived of his federal rights by being discriminated against because Plaintiff was treated differently because of his race, age, and sex, and the law says these traits cannot be legitimately considered, <u>Pickering v. Pennsylvania R. Co.</u>, 151 F. 2d 240, C.C.A.Pa., rehearing denied 152 F2d 753; <u>Guyan Valley Hosp., Inc. v. West Virginia Human Rights Com'n</u>, 382 S.E. 2d 88...Under Hooper, M.D., and Verona Lawson, M.D. (Lawson), Plaintiff received medications that

page 3

were contraindicated in PDR (Physicians desk reference) by "do it or be fired" State actor Lawson,M.D. (Navane), and *ex. 27* Hooper, M.D., gave overdose that Neuropsychologist from VA shouted at Plaintiff, "why so much!?!", Risperdal and Zoloft... *ex. 28, 22* Plaintiff cannot understand why all State psychiatrists insisted Plaintiff was depressed (Lawson, M.D., Hooper,M.D., and *ex. 33* Samthi Das, M.D.) and all out of state psychiatrists gave no medications (Jodi Reed, M.D., Walid W. Freij, M.D., and *ex. 29,30,31,32* Katherine Walden, M.D. provided .5 mg per day while Hooper ordered 6.0 mg per day and so much Zoloft that Plaintiff's skin erupted with keloid scars...[28] see Monroe v. Pape, 365 U.S. 167 (1961), misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law, is action taken "under color" of state law, within meaning of 42 USC section 1983, which gives right of action against person who, under color of state law, subjects another to deprivation of any rights, privileges, or immunities secured by Federal Constitution...

11. Hooper, M.D. ordered "do it or be fired" Lawson, M.D., to take Plaintiff off new medication and place Plaintiff on old outdated medication that caused Plaintiff to be impotemt for *ex. 34* three and 1/2 years...see Sykes v. California(Dep't of Motor Vehicles), 497 F 2d 197 (1974, CA9 Cal), in order to show that private persons were acting "under color of state law" it is not necessary to allege that action taken was authorized by state; however, facts must be stated showing that Defendants were clothed with authority of state and were purporting to act thereunder...

Second Cause of Action
Discrimination by Two or More Persons

12. Plaintiff's rights were violated pursuant to 42 USC section 1985...While Plaintiff was in extended stay at facility by and through Hooper,M.D. and Lawson,M.D., Plaintiff's property at the small rural farm was converted by Evelyn Cox through state escheat action and property converted by and through Alabama Power and Asplundh agents... ex. 35 through 44, #13

13. Plaintiff was not informed nor was family, although property tax notice has family address on it...The wrongful attachment by and through AmSouth bank, Mark Chambless, Jackson Hospital, Avis-Montgomery, Bruce Carver Boynton, and the clerk of the Circuit Court of Montgomery county, was a scheme that was not discovered until just several months ago and Plaintiff's life has been threatened by Evelyn Cox, and P. Vaughan Russell...see Adickes v. S.H. Kress & Co., 398 U.S. 144, (1970), ...it is essential that he act with knowledge of and pursuant to that statute (under color of statute), and see Parker v. Graves, 479 F 2d 335 (1973, CA5 Fla),...it is only where person acts to deprive another of his federal rights under color of state law that statute provides authority for federal claim, and see Moore v. Buckles, 404 F Supp 1382 (1975, ED Tenn). ...conduct by persons acting under color of state law which is wrongful under 42 USC section 1983 cannot be immunized by state law.

14. Hooper, M.D. and "do it or be fired" Lawson, M.D. are state actors. Their unlawful purposes were accomplished through lawful means, and their egregious conduct was intended to injure Plaintiff permanently, and Plaintiff was injured permanently...This lawful end was accomplished by unlawful means...

Page 5

Third Cause of Action

Conspiracy to Deprive Plaintiff of Property
and Injure Plaintiff in Person by Medication Misuse

15. Plaintiff was not given any Medications by Unconditional ex. 45 release and by 2 psychiatrists 30,32...Plaintiff's third psychiatrist gave 31 .5mg per day as opposed to 6.0mg per day by Hooper,M.D. Plaintiff's 2 out of state psychiatrists provided the diagnosis of PTSD (post-trumatic stress disorder)...ex, 31, 32

16. Plaintiff's property was converted by and through a scheme in Dallas County that was set in motion in 1892, when Plaintiff's great, great uncle acquired the Montgomery Quarter (now called Safford)...

17. Plaintiff had blood tests processed through MB Labcorp of Birmingham, 1801 First Avenue South, Birmingham, 35233, 800-659-3324, 205-581-3500...Plaintiff's liver results were far below result of tests provided to Plaintiff through out of state laboratory...ex 46-53 Plaintiff is an 8404 Navy Corpsman, clinical assistant and ex. 21 emergency medical technician. While at Bethesda and working across the street from the Pentagon at the Marine corp headquarters and ex.54 at the Navy Yard, Plaintiff could write for all medications except controlled substances and Plaintiff refused to write for diabetes and high blood pressure but would provide the subjective, objective, and assessment comments for the physician, but not the final plan... The liver does not suddenly go bad when Plaintiff is convalescing at home with mother (retired RN) and family, out of state...

18. Plaintiff's community Health Center facility in Safford would have taken money out of the pockets of the hospitals in Cambden, Marion, Demopolis, and Selma, and would have put money in the pockets of many patients and employees over the course of 5 to 20 or more years... ex. 55-59, 60

Plaintiff requests damages for the egregious and intentional conduct of state actor Hooper, M.D., "do it or be fired" state actor Lawson Lawson, M.D., Alabama Power (they greatly increased the load at the transformer across from Plaintiff's residence in Selma, ex. 61-66, 67 after Plaintiff left Peoples Bank and just before response was due in Montgomery Circuit court against Hooper, M.D.), Asplundh, and such other relief as the Courts deem proper and just, based on all the evidence...

Respectfully submitted,

Dated August 10, 2005

Larry L. Hodge
Attorney Pro Se
P.O. Box 75
Safford, Alabama 36773-0075
334-573-9664