IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY L. HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION  NO.  2:05-cv-679-F |
| | ) | (WO) |
| ALABAMA POWER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

After an independent review of the file, it is the ORDER, JUDGMENT and DECREE

of the Court that:

1.    The objection filed by the plaintiff on August 10, 2005 (Doc. # 7) is overruled.

2.    The Recommendation of the United States Magistrate Judge entered on  July

27, 2005 (Doc. # 6) is REJECTED in part and ADOPTED in part. The Court

hereby REJECTS the portion of the Recommendation which suggests that the

limitations set forth in *Taylor v. State of Alabama*, Civil Action No.

2:02cv1068-A, are due to be imposed upon the plaintiff and ADOPTS the

Recommendation in all other respects.

3.    Notwithstanding, the plaintiff is hereby ADVISED that the repeated filing of

frivolous claims in this Court is not favored.  Initiating and conducting

litigation in this Court *pro se* without prepayment of filing fees is a privilege.

Although this Court finds that the plaintiff should not be subjected to

limitations on that privilege at this time, it CAUTIONS the plaintiff that

limitations *may* be imposed upon him in the future if he continues to engage

in frivolous and vexatious litigation.  Indeed, in one case, this Court found

limitations to be warranted and thus imposed filing restrictions on a *pro se*

litigant.[1]    The plaintiff is hereby ADVISED that the Court will not

---

[1]  In the case *Taylor v. State of Alabama*, Civil Action No. 2:02-cv-1068-A, the Court prescribed the following sanctioning limitations on plaintiff Taylor to deter his future filings of meritless lawsuits as a *pro se* litigant:

A.  Taylor shall submit with any new *pro se* complaints and amended complaints a separate pleading caption "Rule 11 Certification," which declares under penalty of perjury:

(1) I do hereby affirm that, to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

(a) the (  ) new complaint (  ) amended complaint submitted herewith for filing is not presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(b) the claims, defenses, and other legal contentions asserted in the pleadings submitted herewith for filing are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(c) the allegations and other factual contentions asserted in the pleading submitted herewith for filing have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(2)  I have made a diligent effort -- which has included my review of prior relevant orders of this court -- to determine if sovereign immunity, absolute immunity, or any similar theory, precludes or prevents the filing of this complaint or amended complaint against any of the individuals, governmental institutions, entities, agencies, departments, representatives, or other governmental actors, I have designated as defendants.

(3)  I declare under penalty of perjury that the foregoing is true and correct.

hesitate to impose such restrictions on him in the future, if necessary.

Date: _____ Plaintiff: _____

The Rule 11 Certification shall be dated and signed by Taylor.

4. The Clerk shall establish a method for identifying all new complaints and amended complaints submitted by Taylor *pro se* for filing. The Clerk shall examine each pleading for the requisite Rule 11 Certification and return to Taylor, without filing, any submission not accompanied by such Certification. After docketing, all such pleadings properly submitted with a Rule 11 Certification shall be transmitted to the Chief Magistrate Judge with a routing memorandum which outlines the case style and case number for (a) any pending complaints by Taylor; (b) all prior complaints by Taylor along with the date and nature of the order reflecting final disposition of the complaint in this court.

5. The Chief Magistrate Judge, or a Magistrate Judge designated by him, shall forthwith review the complaint or amended complaint to ascertain its legal sufficiency under 28 U.S.C. § 1915(e)(2)(B). If the pleading survives such scrutiny, it shall be returned to the Clerk's office with an appropriate routing memorandum which directs that it be filed in the usual course. If it is patently clear, however, that the complaint or amended complaint is due to be dismissed, the Chief Magistrate Judge, or his designee, shall make a Recommendation to the Chief District Judge that the following Order be entered:

ORDER OF DISMISSAL

Consistent with the Order entered April 2, 2003 to restrict the filing of frivolous *pro se* lawsuits in this Middle District by Zachary B. Taylor ("Taylor"), the court has duly examined the complaint or amended complaint, submitted herein by Taylor for filing. In the considered judgment of the court, the pleading is frivolous or otherwise lacks merit under 28 U.S.C. § 1915(e)(2)(B) and should not be permitted to proceed.

Accordingly, it is the ORDER, JUDGMENT and DECREE of this court that the complaint/amended complaint be DISMISSED ( ) with prejudice ( ) without prejudice, prior to the service of process, and without any further review, or proceedings thereon.

The Chief Magistrate Judge, or his designee, shall also consider whether greater sanctions should then be imposed to deter Taylor from further frivolous or baseless filings in this court, including, but not limited to, contempt of court with the possibility of fine or imprisonment or both, and prohibiting any further filings until all costs, fines, and monetary sanctions previously imposed on Taylor in all other civil cases filed by him in this court have been paid (*See Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)), and include recommendations in that regard.

*Id.*, Doc. # 45.

4.     The claims in this case are hereby DISMISSED with prejudice as frivolous

within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A separate judgment shall be entered.

DONE this 18th day of August, 2005.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE